**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| AISHIA SIMMS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 15-cv-1147 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| MICHAEL BROWN, SAUK VILLAGE, | ) | |
| and UNIDENTIFIED OFFICERS, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Sauk Village's motion to dismiss [11] Counts V and VI of Plaintiff's complaint. For the reasons set forth below, Defendant's motion is granted in part and denied in part. Regarding Count V, Plaintiff may proceed against Defendant Sauk Village on a respondeat superior theory of liability only with regard to Plaintiff's state-law claim of malicious prosecution (Count IV); Plaintiff may not proceed against Defendant Sauk Village on a respondeat superior theory of liability with regard to the federal-law claims (Count I–III). Regarding Count VI, Plaintiff may seek indemnification from Defendant Sauk Village on any of the underlying claims, state or federal (Counts I–IV).

**I.    Background**

Plaintiff Aishia Simms is an 18-year-old African American female. In her complaint, she alleges that on October 1, 2015, Defendant Officer Brown, a Sauk Village police officer, arrested her without probable cause or reasonable suspicion that she had committed any crime. [1, at 2.] Plaintiff was subsequently charged with, *inter alia*, disorderly conduct and resisting or obstructing a police officer. [1, at 5.] The charges against Plaintiff were disposed of on

November 22, 2013 upon entry of a non-suit, which terminated the criminal proceedings against Plaintiff. [11-2, at 1.] On February 2, 2015, Plaintiff sued Officer Brown, Sauk Village, and certain Unidentified Officers, raising six separate claims, invoking both state and federal law:

| Count | Claim | Against Whom |
|---|---|---|
| I | False Arrest pursuant to 42 U.S.C. § 1983 | Defendant Brown |
| II | Excessive Force pursuant 42 U.S.C. § 1983 | Defendant Brown |
| III | Conspiracy to Commit False Arrest pursuant to 42 U.S.C. § 1983 | Defendants Brown and Unidentified Officers |
| IV | Malicious Prosecution | Defendant Brown |
| V | Respondeat Superior | Defendant Sauk Village |
| VI | State Law Indemnification | Defendant Sauk Village |

Defendant Brown answered Plaintiff's complaint [see 15], and Defendant Sauk Village moved to dismiss in part the claims against it (Counts V and VI), arguing that Plaintiff's underlying state-law claim of malicious prosecution (Count IV) is barred by the one-year statute of limitations applicable to that claim, and thus it cannot be held vicariously liable for any damages stemming from that claim [see 11, 17].

**II.  Analysis**

    **A.  Count V – Respondeat Superior**

Regarding Plaintiff's respondeat superior claim (Count V), "'*respondeat superior* is not a basis for rendering municipalities liable under § 1983 for the constitutional torts of their employees.'" *Shields v. Ill. Dep't of Corrs.*, 746 F.3d 782, 790 (7th Cir. 2014) (quoting *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 663 n.7 (1978)). As such, to the extent that Plaintiff seeks to hold Defendant Sauk Village liable for Counts I–III under a respondeat superior theory of liability, that portion of Count V is dismissed.

The remaining question with regard to Count V is whether Defendant Sauk Village can be held liable for the state-law claim of malicious prosecution (Count IV) under a respondeat superior theory of liability. Defendant Sauk Village says no, arguing that Plaintiff's malicious

prosecution claim is barred by the one-year statute of limitations applicable to that claim. Illinois law governs the applicable statute of limitations for state-law claims. *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010). The Illinois Local Government and Governmental Employees Tort Immunity Act, 745 ILCS 10/1–101 *et seq.*, entitles local governmental entities and their employees to a one-year statute of limitations for civil actions brought against them. See 745 ILCS 10/8–101; see also *Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005); *Ferguson v. City of Chicago*, 820 N.E.2d 455, 459 (Ill. 2004) (statute of limitations for a malicious prosecution claim is one year).

Understanding that Plaintiff's malicious prosecution claim is subject to a one-year statute of limitations (which Plaintiff does not contest), the next question is when the limitations period began to run. Under Illinois law, "[a] cause of action for malicious prosecution does not accrue until the criminal proceeding on which it is based has been terminated in the Plaintiff's favor." *Ferguson*, 820 N.E.2d at 459. Here, the criminal charges against Plaintiff were dismissed (or, more specifically, "non-suited") on November 22, 2013. [See 11-2, at 1.] According to Defendant Sauk Village, because Plaintiff filed her case on February 5, 2015—*i.e.*, more than one year after the termination of the prosecution—her malicious prosecution claim is time barred.

Plaintiff disputes Defendant's alleged accrual date, arguing that her limitations period began 160 days from the date she demanded trial, not when her case was "non-suited." According to Illinois' Speedy Trial Act, "[e]very person on bail or recognizance shall be tried by the court having jurisdiction within 160 days from the date defendant demands trial." 725 ILCS 5/130-5(b). Once the speedy-trial period for a charge ends, the municipality is barred from prosecuting that charge. See *People v. Quigley*, 697 N.E.2d 735, 741–42 (Ill. 1998). Here,

prosecution claim is barred by the one-year statute of limitations applicable to that claim. Illinois law governs the applicable statute of limitations for state-law claims. *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010). The Illinois Local Government and Governmental Employees Tort Immunity Act, 745 ILCS 10/1–101 *et seq.*, entitles local governmental entities and their employees to a one-year statute of limitations for civil actions brought against them. See 745 ILCS 10/8–101; see also *Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005); *Ferguson v. City of Chicago*, 820 N.E.2d 455, 459 (Ill. 2004) (statute of limitations for a malicious prosecution claim is one year).

Understanding that Plaintiff's malicious prosecution claim is subject to a one-year statute of limitations (which Plaintiff does not contest), the next question is when the limitations period began to run. Under Illinois law, "[a] cause of action for malicious prosecution does not accrue until the criminal proceeding on which it is based has been terminated in the Plaintiff's favor." *Ferguson*, 820 N.E.2d at 459. Here, the criminal charges against Plaintiff were dismissed (or, more specifically, "non-suited") on November 22, 2013. [See 11-2, at 1.] According to Defendant Sauk Village, because Plaintiff filed her case on February 5, 2015—*i.e.*, more than one year after the termination of the prosecution—her malicious prosecution claim is time barred.

Plaintiff disputes Defendant's alleged accrual date, arguing that her limitations period began 160 days from the date she demanded trial, not when her case was "non-suited." According to Illinois' Speedy Trial Act, "[e]very person on bail or recognizance shall be tried by the court having jurisdiction within 160 days from the date defendant demands trial." 725 ILCS 5/130-5(b). Once the speedy-trial period for a charge ends, the municipality is barred from prosecuting that charge. See *People v. Quigley*, 697 N.E.2d 735, 741–42 (Ill. 1998). Here,

Plaintiff demanded trial on November 22, 2013 [11-2, at 1]. According to Plaintiff, the limitations period for her malicious prosecution claim began on the day on which her 160-day speedy-trial period elapsed (*i.e.*, May 1, 2014), making her February 5, 2015 lawsuit timely. Plaintiff relies on *Ferguson v. City of Chicago*, 820 N.E.2d 455, 459 (Ill. 2004), arguing that the municipality's termination of the charges against her did not qualify as a termination in her favor. The Court agrees.

By way of background, except when charges are brought by a grand jury indictment (where the indictment is *prima facie* evidence of probable cause, see *Freides v. Sani-Mode Mfg. Co.*, 211 N.E.2d 286, 289 (Ill. 1964)), Illinois law requires that any person charged with a crime punishable by imprisonment must receive a prompt preliminary hearing to establish probable cause. See *People v. Kent*, 295 N.E.2d 710, 711–12 (Ill. 1972). There are several potential dispositions that can arise from these preliminary hearings, including striking the charges with leave to reinstate (an "SOL"), a *nolle prosequi* where the State fails to prosecute the charge, a finding of probable cause (or *no* probable cause), etc. For malicious prosecution purposes, Illinois courts have parsed through these various dispositions to determine whether any can be construed as final dispositions "in the plaintiff's favor," concluding that "a favorable termination is limited to only those legal dispositions that can give rise to an inference of lack of probable cause." *Cult Awareness Network v. Church of Scientology Int'l*, 685 N.E.2d 1347, 1351–54 (Ill. 1997); see also *Ferguson*, 820 N.E.2d at 461 ("The criminal proceedings against Ferguson did not terminate, and Ferguson's malicious prosecution claim did not accrue, until such time as the State was precluded from seeking reinstatement of the charges. That period was marked by the expiration of the statutory speedy-trial period.").

Here, it is unclear whether the resolution of Plaintiff's criminal charges was determined at a preliminary hearing. Regardless, what is undisputed is that the criminal charges against her were terminated by way of a "non-suit." [11-2, at 1.] Defendant Sauk Village concedes that a non-suit, like a *nolle prosequi*, "'is not a final disposition of the case, and will not bar another prosecution for the same offense.'" [17, at 2 (quoting *People v. Watson*, 68 N.E.2d 265, 266 (Ill. 1946)).] As such, a non-suit does not give rise to an inference of lack of probable cause, and thus is not a trigger for the limitations period for a malicious prosecution claim (*i.e.*, it is not a final disposition in the plaintiff's favor). Instead, the criminal charges against Plaintiff were not resolved in her favor "until such time as the State was precluded from seeking reinstatement of the charges," *Ferguson*, 820 N.E.2d at 461, specifically, upon conclusion of the speedy-trial period (*i.e.*, on May 1, 2014). See *Ferguson*, 820 N.E.2d at 461. As such, Plaintiff's February 5, 2015 lawsuit was timely, and thus Plaintiff's malicious prosecution claim (both as raised against Defendant Brown directly and against Defendant Sauk Village via a respondeat superior theory of liability) is not barred by the one-year statute of limitations governing that claim. Defendant Sauk Village's motion to dismiss Count V as it relates to the underlying malicious prosecution claim (Count IV) is therefore denied.

**B. Count VI – State Law Indemnification**

In Count VI, Plaintiff alleges that Defendant Sauk Village is required under Illinois law to pay any tort judgment for compensatory damages for which its employees are found liable. [See 1, at 6.] Although Plaintiff does not cite to any specific Illinois law on the matter, the Local Governmental and Governmental Employees Tort Immunity Act says, in relevant part:

> A local public entity is empowered and directed to pay any tort judgment or settlement for compensatory damages (and may pay any associated attorney's fees and costs) for which it or an employee while acting within the scope of his employment is liable in the manner provided in this Article.

5

745 ILCS 10/9-102. This statute requires indemnification both for state-law torts and constitutional torts brought pursuant to 42 U.S.C. § 1983, and thus Count VI covers all underlying claims, both federal and state (*i.e.*, Counts I–IV).

Defendant Sauk Village does not contest its potential indemnification obligations with respect to the underlying federal claims (Counts I–III), but argues that it does not have any indemnification exposure relating to Plaintiff's malicious prosecution claim (Count IV) because that claim is barred by the statute of limitations. But the Court has already held that Plaintiff's malicious prosecution claim is timely. Therefore, Defendant Sauk Village's motion to dismiss Count VI is denied.

## III.  Conclusion

For the foregoing reasons, Defendant Sauk Village's motion to dismiss [11] Counts V and VI of Plaintiff's complaint is granted in part and denied in part.

Dated:  October 13, 2015

_____
Robert M. Dow, Jr.
United States District Judge